UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:18-cr-00168 |
| ) | Judge Aleta A. Trauger |
| GEORGE ANHALT, JR. ) | |
| ) | |

## MEMORANDUM AND ORDER

The defendant has filed a Motion for Disclosure of Grand Jury Material (Docket No. 211), to which the Government has filed a Response (Docket No. 217), and the defendant has filed a Reply (Docket No. 226). For the reasons set out herein, the motion will be denied.

The defendant argues that the court should compel the disclosure pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii), which permits the court to authorize the disclosure of grand jury material "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." In support of his motion, the defendant suggests that Assistant U.S. Attorney Brent Hannafan may have misrepresented facts to the grand jury regarding the defendant's alleged involvement in the death of Kayla Biggs.[1] The defendant's suggestion appears to be based primarily on speculation related to statements in other proceedings, although he does refer to some "evidence," which he has not described, showing that "the grand jury was—intentionally or not—misinformed or misled as to the underlying conduct of" the defendant. (Docket No. 211 at 11.)

---

[1] Biggs' death is not the basis for the charges against the defendant, although it may be relevant to issues that will be raised at trial, particularly with regard to a potential entrapment defense.

The Government disputes any suggestion that it did anything improper before the grand jury and argues that the defendant's speculation is based on facts that he has either misrepresented or taken out of context. It is unnecessary, however, to delve into the parties' opposing interpretations of events, because, even if the worst of the defendant's allegations were true—if, for example, AUSA Hannafan or a witness incorrectly claimed to know, for a fact, that the defendant was involved in the death of Biggs—it would not provide a ground for dismissing the indictment against him.

The Sixth Circuit and the Supreme Court have made clear that "criminal cases generally should not be attenuated by preliminary or 'mini-' trials concerning the adequacy of the grand jury proceedings or the competency of the evidence presented to the grand jury." *United States v. Craft*, 105 F.3d 1123, 1127 (6th Cir. 1997) (citing *United States v. Short*, 671 F.2d 178, 181–82 (6th Cir. 1982); discussing *United States v. Calandra*, 414 U.S. 338, 344–45 (1974); *Costello v. United States*, 350 U.S. 359, 363 (1956)). To that end, "[a]n indictment returned by a legally constituted and unbiased grand jury . . . [,] if valid on its face, is enough to call for trial on the charge on the merits." *United States v. Boston*, No. 14-20383, 2018 WL 878968, at *2 (E.D. Mich. Feb. 14, 2018) (quoting *United States v. Adamo*, 742 F.2d 927, 935-36 (6th Cir. 1984), *abrogated on other grounds*, *Buford v. United States*, 532 U.S. 59 (2001)). Indeed, even the Government's use of "perjured testimony" before the grand jury does not justify dismissal, unless the plaintiff can show "demonstrated and longstanding prosecutorial misconduct," in which case the court may exercise its supervisory control over the process to dismiss the indictment. *Adamo*, 742 F.2d at 942–43 (quoting *United States v. Nembhard*, 676 F.2d 193, 200 (6th Cir.1982)). Moreover, even in the face of misconduct, "dismissing an indictment is a disfavored remedy" that should only be used if the defendant has suffered "continuing prejudice [that] . . . so permeated the entire case that it

could not be remedied by" other means. *United States v. Nebel*, 856 F. Supp. 392, 394 (M.D. Tenn. 1993) (Higgins, J.).

The defendant's allegations do not challenge the facial validity of his indictment or the premise that the grand jury was legally constituted. There are, therefore, only two grounds on which he could expect his indictment to be dismissed: (1) that the indictment was the result of longstanding prosecutorial misconduct that cannot otherwise be remedied; or (2) that the introduction of false evidence caused the grand jury to become biased. With regard to the first argument, even the reading of the defendant's allegations most favorable to him would not support such a holding. He has not alleged that any false information provided was the result of longstanding prosecutorial misconduct, and the court is not aware of any such allegations being made in this district. Moreover, there appears to have been ample evidence to support the indictment regardless of any statements about Biggs, which, in any event, would have been tangential to the offenses charged. There is, therefore, no ground for concluding that any misstatements about Biggs "influenced substantially the grand jury's decision to indict" or would raise "grave doubt as to whether the decision to indict was so influenced." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 259 (1988).

The defendant does not explicitly frame his argument in terms of bias, but he does suggest that the presentation of false information about Biggs may have "infringe[d] on the Grand Jury's ability to exercise independent judgment." (Docket No. 226 at 2.) Insofar as this is a bias argument, it is precluded by Sixth Circuit caselaw. "'Bias' . . . 'refers to a grand jury which is predisposed in one way or another.'" *United States v. Powell*, 823 F.2d 996, 1001 (6th Cir. 1987) (quoting *Adamo*, 742 F.2d at 936). Defendants, however, will sometimes attempt to use an allegation of bias as a Trojan Horse for an argument based on a defect that is otherwise insufficient

to disturb the indictment. *See Adamo*, 742 F.2d at 939. That is exactly what the defendant's bias argument, insofar as he is pursuing one, would be—an argument that Government misstatements that do not themselves justify dismissing the indictment should nevertheless result in dismissal because they created bias where none previously existed. The Sixth Circuit has held, however, that such reasoning "cannot be reconciled with the Supreme Court's" highly deferential approach to the grand jury process. *Id.* Therefore, nothing in the defendant's motion provides ground for even a potential finding of bias.

The defendant's allegations, even if true, would be insufficient to justify dismissing his indictment. The defendant's Motion for Disclosure of Grand Jury Material (Docket No. 211) is therefore **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge